KIRK G. GIBBS - #5955
kggibbs@kippandchristian.com
SMITH D. MONSON - #15455
smonson@kippandchristian.com
KIPP AND CHRISTIAN, P.C.
*Attorneys for Associated Industries Insurance*
*Company, Inc.*
10 Exchange Place, Fourth Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-3773
Facsimile: (801) 359-9004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RIDGEWYCK VENTURES, LLC, dba RIDGEWYCK APAPRTMENTS; PROPERTY ASSET MANAGEMENT, INC.; and TRAVIS SYKES, an individual,<br><br>Defendants, | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Civil No. 2:18-cv-00138-RJS<br><br>Honorable Robert J. Shelby |

Plaintiff Associated Industries Insurance Company, Inc. (hereinafter "Associated"), by and through its counsel, and pursuant to 28 U.S.C §2201(a) and Rule 57 of the Federal Rules of Civil Procedure, complains and alleges against defendants as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Associated is an insurance company incorporated in Florida with its principal place of business located in Boca Raton, Florida.

2.      On information and belief, defendant Travis Sykes (hereinafter "Sykes") is a resident and citizen of Memphis, Tennessee, and at times relevant to this action, was a tenant at Ridgewyck Apartments located at 6114 Ridgewyck Drive, Memphis, Tennessee 38115 (hereinafter "Ridgewyck Apartments").

3.      Defendant Ridgewyck Ventures, LLC, dba Ridgewyck Apartments (hereinafter "Ridgewyck") is a limited liability company formed in Tennessee, with its principal office located at 3989 South 900 East Suite 100, Salt Lake City, Utah 84124, and on information and belief, at times relevant to this action owned, controlled, and was responsible for the operations of the Ridgewyck Apartments.

4.      Defendant Property Asset Management, Inc. (hereinafter "Property Asset") is a Utah corporation with its principal office located at 3989 South 900 East Suite 100, Salt Lake City, Utah 84124, and on information and belief, at times relevant to this action served as property management to the Ridgewyck Apartments and was responsible for the day-to-day operations of the apartments.

5.       This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), 2201 and 2202, insofar as this action seeks declaratory judgment, there exists diversity of citizenship between Associated and the other parties, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

6.      Venue is proper with this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) because one or more business entity defendants have their principal office in this District and this action seeks declaratory judgment concerning an insurance contract issued and delivered in Utah, and which contract is to be interpreted under Utah law.

## SYKES SUIT

7.      On or about March 20, 2017, Sykes filed a civil suit against Ridgewyck and Property Asset in the Circuit Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis, case no. CT-001184-17 (hereinafter "Sykes Suit", attached as Exh. 1).

8.      The Sykes Suit alleges that on or about November 16, 2016, Sykes was a tenant of Ridgewyck Apartments, and that on that day he answered his door, and three masked individuals entered his residence brandishing firearms. These individuals attempted to steal several items of property. Sykes and one of the masked individuals exchanged gun fire, and Sykes was shot four times, causing injuries. (*Id.* at ¶¶ 1, 6)

9.      The Sykes Suit further alleges that Ridgewyck and Property Asset managed, controlled, and operated Ridgewyck Apartments, and failed to maintain, inspect, secure and patrol the premises, and as a consequence of their negligence in this regard, Sykes was shot. (*Id.* at ¶¶ 13 – 28)

10.     The Sykes Suit asserts a negligence cause of action against Ridgewyck and Property Asset for $1,000,000 in general and special damages suffered as a consequence of Sykes being shot. The Sykes Suit also seeks exemplary and punitive damages. (*Id.* at ¶¶ 29 – 30)

## ASSOCIATED POLICY

11.     On July 1, 2016, Associated issued Policy No. AES1035289 01 to Capital Growth Corporation, dba Property Management Assets, LLC (hereinafter "Capital Growth") as named insured, with a policy period of July 1, 2016 to July 1, 2017 (hereinafter "the Policy," attached as Exh. 2).

12.     Capital Growth is a Utah corporation with its principal office at 3898 South 900

East, Suit 100, Salt Lake City, Utah 84124.

13.     Ridgewyck is a named additional insured under the Policy and Property Asset

claims to be an insured under the Policy.

14.     The Policy contains Commercial General Liability Coverage form CG 00 01 12

07. This form provides in part:

> Throughout this policy the words "you" and "your" refer to the Named Insured
> shown in the Declarations, and any other person or organization qualifying as a
> Named Insured under this policy. The words "we", "us" and "our" refer to the
> company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under
> Section II - Who Is An Insured.

15.     The Policy provides bodily injury liability coverage. The Policy's insuring

agreement states in relevant part:

> **1.      Insuring Agreement**
> **a.**     We will pay those sums that the insured becomes legally obligated to pay
> as damages because of "bodily injury" or "property damage" to which this
> insurance applies. We will have the right and duty to defend the insured against
> any "suit" seeking those damages. However, we will have no duty to defend the
> insured against any "suit" seeking damages for "bodily injury" or "property
> damage" to which this insurance does not apply.

16.     The Policy contains an endorsement titled EXCLUSION – FIREARMS

(hereinafter "Firearms Exclusion"), which provides:

This endorsement modifies insurance provided under the following:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> The following Exclusion is added to **SECTION I - COVERAGES**, paragraph **2.
> Exclusions** of **COVERAGE A - BODILY INJURY AND PROPERTY
> DAMAGE LIABILITY**, and paragraph **2. Exclusions** of **COVERAGE B -
> PERSONAL AND ADVERTISING INJURY LIABILITY.** This insurance
> does not apply to:

**Firearms**

Any claim or "suit" for "bodily injury," "property damage," "personal and advertising injury" or medical payments arising from the use of firearms.

17.     The Policy contains an endorsement titled ASSAULT & BATTERY HAZARD

SUBLIMIT, which provides in relevant part:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

| Schedule | |
|---|---|
| Assault & Battery Occurrence Limit: | $ 50000 |
| Assault & Battery Aggregate Limit: | $ 100000 |

(Information required to complete this Schedule, if not shown above, will be shown in Declarations)

**A.     Assault & Battery**
The insurance provided under **SECTION I - COVERAGES COVERAGE A - BODILIY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY LIMIT** applies to any "occurrence" that the insured becomes legally obligated to pay because of an "assault & battery hazard injury," arising out of:
**1**.     Actual or threatened assault or battery by anyone or any person;
**2**.     Use and/or failure to use reasonable force to protect persons or property
**3**.     Failure to prevent assault or battery; or
**4**.     The negligent:
    **a**.     Employment;
    **b**.     Investigation
    **c**.     Supervision
    **d**.     Reporting to the proper authorities, or failure to so report;
or
    **e**.     Retention
of a person for whom any insured is or ever was legally responsible and whose conduct is described in 1. above.

* * *

**C. Limits of Insurance**

For the purposes of this endorsement only, the **SECTION III - LIMITS OF INSURANCE** section is replaced by the following:

Regardless of the number of insureds, premiums paid, claims made or "suits" brought; or persons or organizations making claims or bringing "suits" the most we will pay for all damages resulting from any one "assault & battery hazard injury" is the applicable limit shown in the Schedule of this endorsement or in the Declarations. The Aggregate Limit shown in the Schedule of this endorsement or in the Declarations is the most we will pay for the sum of all "assault & battery hazard injuries" covered by this endorsement.

The Limits of Insurance of this Endorsement apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

**D.** The following is added to **SECTION V - DEFINITIONS**

"Assault & battery hazard injury" means "bodily injury," "property damage," or "personal and advertising injury" due to the:

**a.** Use and/or failure to use reasonable force to protect persons or property;
**b.** Failure to prevent assault or battery; or
**c.** Improper or negligent hiring, employment, training or supervision of your "employees" involving **a.** or **b.** above.

18. Sykes has an interest in the Policy by reason of Utah Code Ann. §31A-22-201, which provides in part: "if execution against the insured is returned unsatisfied, an action may be maintained against the insurer to the extent that the liability is covered by the policy."

**FIRST CAUSE OF ACTION**

**(The Policy Excludes Coverage for All claims in the Sykes Suit)**

19. Associated incorporates herein by reference the allegations in paragraphs 1 – 18.

6

20. There is an actual controversy between Associated and all defendants regarding whether the Policy provides coverage for the claims asserted in the Sykes Suit.

21. The Policy's Firearms Exclusion states that the Policy's general liability coverage does not apply to any claim or suit for bodily injury and personal and advertising injury arising from the use of firearms.

22. The claims asserted against, and damages sought from, Ridgewyck and Property Asset in the Sykes Suit all arise out of the use of a firearm.

23. Pursuant to 28 U.S.C §2201(a) and Rule 57 of the Federal Rules of Civil Procedure, Associated is entitled to declaratory judgment that the claims asserted in the Sykes Suit are not covered under the Policy, and that Associated owes not duty to defend or indemnify Ridgewyck or Property Asset against such claims.

## SECOND CAUSE OF ACTION

### (Alternatively, Liability Limits Applicable to Claims Asserted in the Sykes Suit are $50,000)

24. Associated incorporates herein by reference the allegations in paragraphs 1 – 24.

25. In the event coverage for claims asserted in the Sykes Suit is not excluded by the Firearms Exclusion, there is an actual controversy between Associated and all defendants regarding the liability limits applicable to claims asserted in the Sykes Suit.

26. The Policy's ASSAULT & BATTERY HAZARD SUBLIMIT endorsement sets per occurrence liability limits applicable to "assault & battery hazard injury" to $50,000.

27. The claims asserted against Ridgewyck and Property Asset in the Sykes Suit seek damages for "assault & battery hazard injury" arising out of acts and/or omissions listed in the ASSAULT & BATTERY HAZARD SUBLIMIT endorsement.

28.     In the event coverage for claims asserted in the Sykes Suit is not excluded by the Firearms Exclusion, Pursuant to 28 U.S.C §2201(a) and Rule 57 of the Federal Rules of Civil Procedure, Associated is entitled to declaratory judgment that the limits of liability coverage applicable to all claims asserted against Ridgewyck and Property Asset in the Sykes Suit are $50,000.

### THIRD CAUSE OF ACTION

#### (The Policy does not Provide Coverage to Property Asset)

29.     Associated incorporates herein by reference the allegations in paragraphs 1 – 28.

30.     There is an actual controversy between Associated and all defendants regarding whether Property Asset is an insured entitled to coverage under the Policy.

31.     Property Asset is not a named insured under the Policy and does not otherwise qualify as an insured under the Policy.

32.     Pursuant to 28 U.S.C §2201(a) and Rule 57 of the Federal Rules of Civil Procedure, Associated is entitled to declaratory judgment that Property Asset is not an insured under the Policy and that Associated owes no duty to defend or indemnify Property Asset in the Sykes Suit.

### FOURTH CAUSE OF ACTION

#### (There is no Coverage for Exemplary and Punitive Damages)

33.     Associated incorporates herein by reference the allegations in paragraphs 1 – 32.

34.     There is an actual controversy between Associated and all defendants regarding whether the Policy provides coverage for exemplary and punitive damages sought in the Sykes Suit.

8

35.     Utah Code Ann. § 31A-20-101(4) provides that no insurer may insure against punitive damages.

36.     Pursuant to 28 U.S.C §2201(a) and Rule 57 of the Federal Rules of Civil Procedure, Associated is entitled to declaratory judgment that claims for exemplary and punitive damages asserted in the Sykes Suit are not covered under the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Associated prays for the following relief:

1.     On the first cause of action, for declaratory judgment that the claims asserted against Ridgewyck and Property Asset in the Sykes Suit are not covered under the Policy, and that Associated owes not duty to defend or indemnify Ridgewyck or Property Asset against such claims.

2.     On the second cause of action, in the event coverage for claims asserted in the Sykes Suit is not excluded by the Firearms Exclusion, for declaratory judgment that the limits of liability coverage applicable to all claims in the Sykes Suit are $50,000.

3.     On the third cause of action, for declaratory judgment that Property Asset is not an insured under the Policy and that Associated owes no duty to defend or indemnify Property Asset in the Sykes Suit.

4.     On the fourth cause of action, for declaratory judgment that claims for exemplary and punitive damages asserted in the Sykes Suit are not covered under the Policy.

5.     For an award of Associated's costs and such other and further relief as is just, proper and provided for by law.

DATED this 14th day of February, 2018.

KIPP AND CHRISTIAN, P.C.


/s/ Kirk G. Gibbs
KIRK G. GIBBS
SMITH D. MONSON
*Attorneys for Plaintiff*